# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00102-CV

**Larry Evans and Shelia Evans, Appellants**

**v.**

**The County of Comal, Texas, Collecting Property Taxes for Itself and for The City of New Braunfels, Texas; Comal Independent School District; and Emergency Services District #7, Appellees**

### FROM THE 466TH DISTRICT COURT OF COMAL COUNTY
### NO. T-10788E, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

## MEMORANDUM OPINION

In October 2024, the County of Comal, Texas, collecting property taxes for itself and for the City of New Braunfels, Texas; Comal Independent School District; and Emergency Services District #7 (collectively, Comal County), sued Larry and Shelia Evans for delinquent property taxes for 2023 through 2024. After a hearing, the district court determined that the Evanses owe Comal County $46,395.48 in delinquent property taxes, interest, and fees, and granted Comal County the right to foreclose on the Evanses's property to satisfy the judgment.

On appeal, the Evanses argue that in September 2024, they had attempted to challenge the denial of their homestead exemption by filing a notice of protest and request for an appraisal review board hearing. The Evanses maintain that they were waiting for a hearing date, but Comal County "abandoned the [appraisal review board] process" and instead filed this lawsuit. The Evanses contend that the district court erred by allowing this case to proceed without allowing

them to first "exhaust the administrative remedies available to property owners," citing Chapter 41A of the Tax Code.

Though the Evanses appear pro se, we hold them to the same standards as litigants represented by attorneys.[1] *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.). Chapter 41A of the Tax Code provides an optional, alternative limited binding arbitration process to property owners challenging certain orders. *See* Tex. Tax Code § 41A.01 (listing criteria for arbitration as alternative to appeal under Section 42.01). The Evanses have not articulated how Chapter 41A applies to this lawsuit, which is not an appeal from an administrative decision.

To the extent that the Evanses argue that Comal County was required to exhaust administrative remedies before filing a delinquent property tax lawsuit, that requirement applies to property owners, not taxing entities. *See* Tex. Tax Code § 33.41(a) ("*At any time* after its tax on property becomes delinquent, a taxing unit may file suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both." (emphasis added)); *Travis Cent. Appraisal Dist. v. Texas Disposal Sys. Landfill, Inc.*, 684 S.W.3d 470, 478 (Tex. App.—Austin 2022), *aff'd*, 694 S.W.3d 752 (Tex. 2024) ("There was no prior administrative procedure available to the appraisal district that it failed to exhaust." (quoting *Harris Cnty. Appraisal Dist. v. Houston 8th Wonder Prop., L.P.*, 395 S.W.3d 245, 251 (Tex. App.—Houston [1st Dist.] 2012, pet. denied))).

---

[1] Comal County did not file an appellee's brief in this case. The court reporter for this case was unable to file the reporter's record because a request for the record was not made and the Evanses did not pay or arrange to pay for the record. Thus, we consider this appeal based on the Evanses' pro se appellate brief and the limited record provided for our review. *See* Tex. R. App. P. 34.6(b)(1) (noting that appellant is responsible for requesting reporter's record); 37.3(c) (permitting appellate court to consider and decide appellate issues that do not require reporter's record after giving appellant notice and reasonable opportunity to cure).

Likewise, the resolution of a property owner's protest is not a prerequisite for a taxing unit to sue for delinquent property taxes. *See* Tex. Tax Code § 33.41(a); *Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d 857, 862–63 & n.4 (Tex. App.—Austin 1985, writ ref'd n.r.e.). In any event, property owners who exercise their statutory right to protest must continue to pay undisputed taxes, and a failure to do so waives any administrative remedy. *See* Tex. Tax Code § 41.4115 (discussing property owner's forfeiture of remedy for failure to pay taxes). And here, though the Evanses challenged the September 2024 decision denying their homestead exemption, Comal County sued for delinquent property taxes from the 2023 through 2024 year. *See id.* §§ 32.07(a) ("[P]roperty taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed . . . ."), 31.02(a) ("[T]axes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed."). The Evanses have not argued or pointed to any evidence in the record that indicates that they paid any property taxes while seeking administrative remedies.

Because the Evanses have not established reversible error on appeal, we affirm the district court's final judgment. *See* Tex. R. App. P. 44.1(a).

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed: September 12, 2025

3